# EXHIBIT 18

| Instrument Control Number | | 002950 |
|---|---|---|

## Commonwealth of Virginia
### Land Record Instruments
### Cover Sheet - Form A

[ILS Cover Sheet Agent Online 1.1.6]

Doc ID: 006417720005 Type: DEE
Recorded: 03/09/2011 at 10:49:54 AM
Fee Amt: $70,804.95 Page 1 of 5
Albemarle County, VA
Debra M. Shipp Clerk
File# 2011-00002950

BK 4008 PG 437-441

| | | |
|---|---|---|
| Date of Instrument | [ 02/16/2011 ] | |
| Instrument Type | [ DTF ] | |
| Number of Parcels | [ 1 ] | |
| Number of Pages | [ 4 ] | (Box for Deed Stamp Only) |
| City ☐ County ☒ [ Albemarle County ] | | |

**First and Second Grantors**

| | Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|---|
| ☐☒ | Beale, Davidson, Etherington & Morris, P.C., a Virginia corporation | | | [ Sub. TR ] |
| ☐☐ | | | | |

**First and Second Grantees**

| | Last Name | First Name | Middle Name | Suffix |
|---|---|---|---|---|
| ☐☒ | Quality Properties Asset Management Company, an Illinois Corporation | | | |
| ☐☐ | | | | |

Grantee Address (Name) [ Quality Properties Asset Management Company ]
(Address 1) [ 100 S Charles St ]
(Address 2) [ 3rd Fl ]
(City, State, Zip) [ Baltimore ] [ MD ] [ 21201 ]
Consideration [ 15,260,000.00 ] Existing Debt [ 0.00 ] Assumption Balance [ 16,329,600.00 ]

Prior Instr. Recorded at: City ☐ County ☒ [ Albemarle County ] Percent. in this Juris.(%) [ 100 ]
Book [ 3020 ] Page [ 324 ] Instr. No [ ]
Parcel Identification No (PIN) [ 10200-00-00-03500 ]
Tax Map Num. (if different than PIN)
Short Property Description [ +/- 97.98 Acres Albemarle Farms ]

Current Property Addr(Address 1) [ 355 Albemarle House Drive ]
(Address 2)
(City, State, Zip) [ Charlottesville ] [ VA ] [ 22902 ]

Instrument Prepared by [ Beale, Davidson, Etherington & ]
Recording Paid for by [ Beale, Davidson, Etherington & ]
Return Recording to (Name) [ William K. Lewis ]
(Address 1) [ Beale, Davidson, Etherington & ]
(Address 2) [ 701 E Franklin St Ste 1200 ]
(City, State, Zip) [ Richmond ] [ VA ] [ 23219 ]
Customer Case ID [ ] [ CS-408722 ]

Cover Sheet Page # 1 of 1

**EXHIBIT 18**

## TRUSTEE'S DEED

THIS DEED is made this 16th day of February, 2011 by **BEALE, DAVIDSON, ETHERINGTON & MORRIS, P.C.**, a Virginia corporation, ("Grantor and/or Substitute Trustee"); to **QUALITY PROPERTIES ASSET MANAGEMENT COMPANY**, an Illinois corporation, ("Grantee"), whose address is c/o Michael Kramer, Commercial OREO Asset Manager, Bank of America, N.A.,100 S. Charles Street, 3rd Floor, Baltimore, MD 21201 Mail Code MD4-325-03-29, and **PATRICIA M. KLUGE** ("Owner") unwilling party, grantor for indexing purposes.

### WITNESSETH:

**WHEREAS**, by a certain Deed of Trust dated November 6, 2007, recorded in the Clerk's Office of the Circuit Court of Albemarle County, Virginia (the "Clerk's Office") in Deed Book 3516 at Pages 24-43 (the "Deed of Trust"), the Owner conveyed certain real property, together with all improvements thereon and appurtenances thereunto as more particularly described in the Deed of Trust and on Exhibit A attached hereto (the "Property"), to J. Page Williams, Original Trustee in trust to secure the payment of a note (the "Note") in favor of Bank of America, N.A.

**Current Title Insurance Underwriter is Unknown**

| | |
|---|---|
| **Tax Assessed Value:** | $16,329,600.00 |
| Consideration: | $15,260,000.00 |

**Tax I.D. No.:** 10200-00-00-03500

Document prepared by and return to:
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

("Bank"), in the original principal sum of $13,800,000.00. The Deed of Trust provides for sale of the Property in the event of default in the payment of said indebtedness or in the event of a breach of the covenants and conditions contained in the Note or the Deed of Trust; and

WHEREAS, by instrument recorded in the Clerk's Office on January 4, 2011, in Deed Book 3918 at Pages 447-449, Beale, Davidson, Etherington & Morris, P.C. was named Substitute Trustee in accordance with the terms and provisions of the Deed of Trust; and

WHEREAS, Substitute Trustee was empowered, upon the failure of the Owner to pay the debt secured by the Deed of Trust in accordance with the terms thereof, to sell the Property; and

WHEREAS, Owner failed to pay the debt in accordance with the terms of the Note and the Deed of Trust, and the Substitute Trustee, at the request of Bank, in execution of the provisions of the Deed of Trust and after having first given written notice of the sale by certified mail, return receipt requested, and by regular first class mail, postage prepaid, to Owner, and to any subordinate lienholders at their last-known addresses more than 14 days before the date of the sale as required by Section 55-59 of the Code of Virginia, as amended, and having advertised the time, place and terms of the sale on January 21 and January 28, 2011, in the *Daily Progress*, a newspaper having a general circulation in Albemarle County, Virginia, did offer for sale the Property at public auction to the highest bidder at the front steps of the Circuit Court of Albemarle County, Virginia, on February 16, 2011, at 11:00 a.m.;

WHEREAS, Bank became the purchaser of the Property with a credit bid of Fifteen Million Two Hundred and Sixty Thousand Dollars ($15,260,000.00) such bid being the last and highest bid received and thereafter assigned its right to purchase the Property to Grantee, an affiliate of Bank; and

NOW, THEREFORE, in consideration of the credit bid of Fifteen Million Two Hundred and Sixty Thousand Dollars ($15,260,000.00), the receipt of which is hereby acknowledged, the Substitute Trustee hereby grants, bargains, sells, conveys, confirms and releases with SPECIAL WARRANTY OF TITLE the Property to Grantee.

This conveyance is subject to all conditions, restrictions, rights-of-way, easements, and reservations, if any, of record, filed and unfiled mechanics and materialmen's liens, if any, and all other matters of record taking priority over the Deed of Trust.

WITNESS the following signature and seal:

SUBSTITUTE TRUSTEE:

BEALE, DAVIDSON, ETHERINGTON & MORRIS, P.C.

By: _____(SEAL)
William K. Lewis, Vice President

STATE OF VIRGINIA
CITY OF RICHMOND, to-wit:

I, Amy C. Vaughan, a Notary Public in and for the City of Richmond, State of Virginia, do hereby certify that William K. Lewis, Vice President of Beale, Davidson, Etherington & Morris, P.C., Substitute Trustee, whose name is signed to the foregoing writing bearing date on the 16th day of February, 2011, has acknowledged the same before me in my City and State aforesaid this 3rd day of March, 2011, on its behalf. William K. Leiws is personally known to me.

_____
Notary Public

My commission expires:
Notary Registration Number:
(SEAL)

Amy Caroline Vaughan
Commonwealth of Virginia
Notary Public
Commission No. 155700
My Commission Expires 01/31/2013

-3-

## Exhibit A

All of that certain lot or parcel of land (the "Property") located in Albemarle County, Virginia, more particularly depicted as Parcel containing 9.904 acres, more or less (comprising the original Tax Map 102-35), Parcel G, containing 78.99 acres, more or less, Parcel F, containing 2.15 acres, more or less, and Parcel E, containing 6.94 acres, more or less, all parcels being a portion of NEW T.M. 102-35 depicted on plat entitled "Plat Showing Redivision of Tax Map 102 Parcel 35A Tax Map 103 Parcel 1B and Tax Map 103 Parcel 1E Albemarle Farms Scottsville Magisterial District Albemarle County, Virginia" prepared by Gloeckner Engineering/Surveying, Inc., dated May 16, 2005, recorded with a Declaration of Private Road Maintenance Agreement recorded as corrected in the Office of the Clerk of the Circuit Court of Albemarle County, Virginia (the "Clerk's Office") in Deed Book 3117 at pages 157-175 (the "Plat").

AND BEING a portion of the same property conveyed to Patricia M. Kluge from JWK Properties, Inc., a Delaware corporation by quitclaim deed dated June 13, 1990, recorded June 18, 1990, in the Clerk's Office, in Deed Book 1105, page 185; AND BEING a portion of the same property conveyed to Patricia M. Kluge from Kluge Estate Winery and Vineyard, L.L.C., a Virginia limited liability company by deed of distribution dated July 8, 2005, recorded July 8, 2005, in the Clerk's Office in Deed Book 3020, page 324.

Street Address: 355 Albemarle House Drive, Charlottesville, Virginia 22902

RECORDED IN CLERKS OFFICE OF
ALBEMARLE COUNTY ON
March 09,2011 AT 10:49:54 AM
$16,330.00 GRANTOR TAX PD
AS REQUIRED BY VA CODE §58.1-802
STATE: $8,165.00 LOCAL: $8,165.00
ALBEMARLE COUNTY, VA
DEBRA M. SHIPP CLERK

# EXHIBIT 19

# TRUMP VIRGINIA ACQUISITIONS LLC

725 Fifth Avenue, 26th Floor
New York, NY 10022

Eric Trump
Executive Vice President
Direct Dial (212) 715-7260
Fax (212) 836-3202
etrump@trumporg.com

June 3, 2011

**VIA OVERNIGHT MAIL AND**
**ELECTRONIC MAIL (mike.kramer@bankofamerica.com)**
Michael Kramer, Assistant Vice President
Bank of America
100 South Charles Street
Baltimore, Maryland 21201-2713

Re: Albemarle House Purchase by Trump Virginia Acquisitions LLC

Dear Michael,

We understand that you have received a firm offer for Albemarle House (as defined below). I had placed a call to you about a week ago to discuss the purchase of this property, but had not heard anything back from you.

Let me remind you that there are certain specified procedures in the right of first refusal (the "Right of First Refusal") created under the Quitclaim Deed, dated as of June 13, 1990 (the "Instrument"), by and between JWK Properties, Inc and Patricia M. Kluge, recorded in the Clerk's Office of the Circuit Court of the County of Albemarle County, Virginia in Deed Book 1105, Pages 0185-0191 and establishing for the benefit of the holder the absolute right to acquire certain real property (the "Albemarle House") designated as Lot 10200-00-00-03500 on the Tax Map of Albermarle County and more particularly described in the Instrument.

As we have discussed in various correspondence over the last five months, Trump Virginia Acquisitions LLC, f/k/a Virginia Acquisitions LLC ("Trump," "we" or "us"), is the holder of the Right of First Refusal both as the owner of the 216.68 acre parcel of land fronting Albemarle House, and pursuant to the Assignment of Right of First Refusal dated January 27, 2011 by and between Stuart Subotnick, Trustee of the John W. Kluge, Jr. Trust, under agreement dated August 28, 2000, and Trump, a memorandum of which is recorded in the Clerk's Office of the Circuit Court of the County of Albemarle County, Virginia in Deed Book 3999, Pages 66-76.

L:\JDG\Misc\Kluge Estate\Letter to Kramer - ROFR Exercise v8 (Trump 6-3-11).doc



EXHIBIT 19

Under these documents, Trump has a Right of First Refusal, without limitation, to purchase the Albemarle House "at the same price and upon the same terms and conditions as those offered...." Therefore, we want to ensure that you comply with these requirements and promptly deliver to Trump a true, correct and complete copy of (i) the offer letter or term sheet evidencing the referenced offer and (ii) the proposed contract of sale, together with all other documents necessary to determine, fully and in detail, the price and terms and conditions of the offer (collectively, the "Required Documents").

The Instrument clearly obligates you to deliver the Required Documents and provides Trump the right to determine, within <u>fifteen (15) business days</u> from the delivery date of these documents, whether to exercise the Right of First Refusal. Such fifteen (15) business days does not commence until you deliver all of the Required Documents to us.

Since under the terms of this filed documentation you are required to provide us notice of the proposed offer, you are also obligated to put the offeror on notice of the existence of the Right of First Refusal. You have our permission to provide (and, in fact, we strongly suggest that you do provide) the offeror's representative with a copy of this letter. It might also be prudent to advise the offeror to provide a copy of the offeror's potential lender a copy of this letter.

It is also important to remember that you are prohibited under the Instrument from accepting any offer for the purchase of Albemarle House "without *first* notifying the then current owner of the Burdened Land of such offer." [emphasis added]. Acceptance of any such offer prior to delivery of the Required Documents and the passage of the fifteen (15) business day period may result in the assertion by the offeror of a competing right to acquire Albemarle House. Such a claim could cloud title to Albemarle House and would not be remedied simply by honoring Trump's Right of First Refusal. So we just want to be clear that, if you should prematurely accept an offer, we will require B of A to indemnify us and hold us harmless from all losses and expenses arising from any such claim, including, without limitation, litigation costs.

With respect to any such harmful conduct, and any other matters pertaining to the subject matter of this letter, we, of course, reserve all rights to seek money damages, injunction, specific performance and such other remedies as may be available at law or equity against all parties, including without limitation, the B of A entity owning the property, the offeror, and any person or entity who attempts to circumvent the Right of First Refusal. Under such circumstances, we would avail ourselves of the full benefit of these rights and aggressively preserve and defend such rights in every applicable forum. As previously mentioned to you and your counsel, the specific validity of rights of first refusal in the context of an involuntary foreclosure sale setting (just like a private sale) specifically have been upheld by the Virginia Supreme Court.

In our continuing interest in the acquisition of Albemarle House from you, we insist that the appropriate procedures as outlined in the documents that are a matter of public record be followed, and that Trump be afforded the complete opportunity to decide whether or not to purchase Albemarle House to the full extent of the rights enumerated in the Right of First Refusal.

We want to ensure the proper disposition of Albemarle House in accordance with all of our rights, and appreciate your efforts to be in touch with us through your real estate broker. However, in order to ensure that you comply with the clear requirements of our recorded rights,

the easiest and least contentious approach to completing the sale of Albemarle House would be for you to be in touch with me and Jason Greenblatt directly.

Sincerely,

Eric Trump

CC: Jonathan Hauser (via electronic mail, jonathan.hauser@troutmansanders.com)
Jason D. Greenblatt
David Cohen, Esq.

# EXHIBIT 20

# BUSINESS INSIDER

## Donald Trump Schools Bank Of America In A Super-Luxury Foreclosure Deal

Gus Lubin | Jul. 1, 2011, 9:32 AM | 26,235 | 50



*Last summer Patricia Kluge listed her giant Virginia estate for $48 million, but no one was interested.*

Bank of America foreclosed on the home in February, alleging Kluge had defaulted on a $23 million loan.

In April Donald Trump swooped in to buy the winery and vineyard. He also bought 200 acres of land near the house for less than $500,000.

**Trump now owns the front yard, the driveway and the backyard. And he's doing his best to make sure BoA can't sell the property to anyone but him, with a huge discount, according to the Journal.**

> Bank of America owns the house after foreclosing and is trying to sell it for $16 million. One thing the house doesn't have, however, is a front yard. Mr. Trump owns that, having purchased it with his 200 acres. He also owns most of the driveway and the backyard, making a sale to any other buyer difficult. Mr. Trump said he would buy it from Bank of America for $3.6 million.
>
> To make his point, he has erected signs on the front lawn of the mansion that read, "No Trespassing. This Land is Owned by Trump Virginia Acquisitions LLC," aimed at warding off possible buyers. He has also let the lawn go to seed.

"Maybe someone is stupid enough to buy the house," Mr. Trump said. "I wish them luck."

The broker for the house, Joseph Marchetti III, responded: "We believe the house is a salable asset as it is."

More at WSJ.

Don't miss: The Incredible Life Of Nude Model Turned Billionaire Turned Bankrupt Divorcé Patricia Kluge >

Please follow Clusterstock on Twitter and Facebook.
Follow Gus Lubin on Twitter.
Ask Gus A Question >

**See Also:**

 After A CRAZY Day For Bank Of America, JPMorgan Upgrades It, Citing "Irrationality"

 Meredith Whitney: Bank Of America Does Not Need To Raise Capital In A Mad Dash

 Bank Of America Just Downgraded Goldman, Morgan Stanley, Citigroup, and JPMorgan

Tags: Real Estate, Donald Trump, John Kluge, Bank of America | Get Alerts for these topics »

**BUSINESS INSIDER SELECT — GET JUST THE NEWS YOU WANT DELIVERED RIGHT TO YOUR INBOX — SIGN UP NOW**

Share:



EXHIBIT 20

# EXHIBIT 21

  

ATTORNEYS

2300 WILSON BOULEVARD
7TH FLOOR
ARLINGTON, VA 22201
PHONE 703.525.4000
FAX 703.525.2207

rdelaney@beankinney.com
Admitted in VA, DC, MD

August 4, 2011

Jason D. Greenblatt, Esquire
Executive Vice President and General Counsel
Trump Organization
725 Fifth Avenue, 26th Floor
New York, NY 10022
Via U.S. Mail, Postage Pre-Paid and Email to jgreenblatt@trumporg.com

Trump Virginia Acquisitions, LLC
725 Fifth Avenue, 26th Floor
New York, NY 10022
Via Certified Mail, Postage Pre-paid

> Re: 9.904 acre parcel (Part of Tax Map 102, Parcel 35), Albemarle County, Va. ("Property")
> Street address: 355 Albemarle House Drive, Charlottesville, Va.
> Right of First Refusal claimed by Trump Virginia Acquisitions, LLC ("Trump Acquisitions")

Dear Mr. Greenblatt:

This law firm represents Quality Properties Asset Management Company ("Quality Properties"), a wholly owned affiliate of Bank of America, N.A. ("BOA"). Quality Properties owns the Property referenced above. It is part of a larger, 97.98-acre parcel owned by Quality Properties, now known as Tax Map 102, Parcel 35 ("TMP 102-35").

The purpose of this letter is to respond to your letter dated February 2, 2011 to Jonathan Hauser and Eric Trump's June 3, 2011 letter to Michael Kramer.

These letters asserted that Trump Acquisitions has a right of first refusal ("ROFR") to acquire the Property. The asserted ROFR arises out of a Quitclaim Deed, dated June 13, 1990 from JWK Properties, Inc. ("JWK") to Patricia M. Kluge ("Kluge"). That Quitclaim Deed conveyed a 9.904 acre tract to Kluge and defined that tract as the "Property." It also defined another tract of land, then shown as Parcel 35A on the Albemarle County tax map, as the "Burdened Land." (The Burdened Land was burdened by various easements benefitting the Property.) The ROFR was exercisable by "the then current owner of the Burdened Land."

**EXHIBIT 21**



There currently is no single owner of the Burdened Land; it has multiple owners. A review of the chain of title to the Burdened Land indicates that the Burdened Land is now owned in part by three entities: Quality Properties, Trump Acquisitions and Trump Vineyard Estates, LLC. ("Trump Vineyard").

Kluge acquired the Property as part of the 1990 divorce settlement with her late husband, John Kluge. At that time the Property was the site of a mansion, which served as the manor house and centerpiece of a 1000-acre estate owned by an entity controlled by John Kluge. The object of the ROFR was to give the owner of the Burdened Land an opportunity to bring the Property back into the larger estate if Kluge decided to sell the Property. That purpose has ceased to exist due to subsequent subdivisions of the Burdened Land.

As of the year 2000, the Burdened Land appears to have consisted of the following parcels, in whole or in part: N, U, Y and Z.

In 2000, JWK re-conveyed Parcel N to John Kluge. He then re-conveyed the land to Patricia Kluge, Trustee of the John W. Kluge, Jr. Trust. Parcel N is now part of Tax Map 102, Parcel 35C ("TMP 102-35C") and is owned by Trump Acquisitions.

Also in 2000, JWK re-conveyed Parcels U and Y to John Kluge. He then reconveyed this land to Home and Garden Company, LLC, which later merged into Kluge Estate Winery and Vineyard, LLC. As a result of the 2005 subdivision, Parcel U and a portion of Parcel Y became part of TMP 102-35, which Kluge Estate Winery and Vineyard, LLC deeded to Patricia Kluge, and which is now owned by Quality Properties. Another portion of Parcel Y is now part of Tax Map 102, Parcel 35A ("TMP 102-35A") and is owned by Trump Vineyard.

In 2001, JWK conveyed Parcel Z to the University of Virginia Real Estate Foundation, which merged into the University of Virginia Foundation. In 2004, the University of Virginia Foundation conveyed Parcel Z to William Moses and Patricia Kluge. Mr. Moses gifted his interest to Patricia Kluge and she later deeded the land to Kluge Estate Winery and Vineyard, LLC. This land is now known as Tax Map 103, Parcel 1B ("TMP 103-1B") and is owned by Trump Vineyard.

As a result of the subdivisions, there is no longer a single, large estate for which the Property could serve as a manor house; for example, the Burdened Land is now part of four different tax parcels, one portion of the Burdened Land is a vineyard, another portion is a golf course, and another portion is owned by Quality Properties. If the ROFR still existed, there is no single owner of the Burdened Land who could enforce the ROFR. The ROFR would be unenforceable by someone who owned only part of the Burdened Land.



Jason D. Greenblatt, Esquire
Re: 9.904 acre parcel (Part of TMP 102-35), Albemarle County, Va.
August 4, 2011
Page 3

Even if the foregoing events did not extinguish the ROFR, other events would have done this. The ROFR applied so long as Kluge was the owner of the Property, and also provided that the ROFR did not apply to "any conveyance of the Property as security for any indebtedness of Kluge." On November 6, 2007, Kluge mortgaged TMP 102-35 (which included the Property) to secure a loan from BOA. At that time, she owned or controlled the Property and all properties which formerly constituted the Burdened Land.

That mortgage was foreclosed on February 16, 2011, and BOA was the high bidder at the foreclosure sale. BOA assigned the right to acquire TMP 102-35 to the current owner, Quality Properties. Thus, the ROFR has terminated because Kluge no longer owns the Property. The ROFR did not apply to the foreclosure sale because of the prior subdivisions and also because Kluge's right to mortgage the Property implies the right to convey marketable title to the mortgage lender.

Your assertion that the ROFR survived the foreclosure sale is untenable for an additional reason. If the ROFR did not terminate when Kluge ceased to own the Property, there would be no measuring life to limit the time during which the ROFR could be exercised. This would cause the ROFR to violate the rule against perpetuities. *Lake of the Woods Ass'n, Inc. v. McHugh*, 238 Va. 1, 380 S.E.2d 872 (1989).

If the ROFR existed at the date of the foreclosure sale and applied to the sale, then the owner of the ROFR's legal remedy would be limited to an action in ejectment against Quality Properties. *Fairfax County v. Riekse*, 281 Va. 441, 707 S.E.2d 826 (2011). Under *Riekse*, the owner of the Burdened Land would have no right of first refusal as to a subsequent re-sale of the Property by Quality Properties.

As discussed above, there was no owner of the ROFR at the foreclosure sale date because the Burdened Land had been subdivided in 2000, and the subdivided parcels were then assigned to multiple owners. Thus, to be clear, neither Trump Acquisitions nor anyone else has any right of first refusal over the Property. However, while reserving all rights in this matter, Quality Properties will offer Trump Acquisitions, or as it may assign to another entity affiliated with Donald J. Trump, an opportunity to acquire TMP 102-35 on the terms set forth in the right of first refusal. The terms are as follows: (1) the purchase price is $15.26 million (the foreclosure sale price); (2) Trump Acquisitions must provide written notice of its intent to accept this offer within 15 business days of receipt of this letter; and (3) Trump Acquisitions must agree to close on the Property within a reasonable time.

This offer is subject to the additional condition that all of the owners of the Burdened Land must consent to Trump Acquisitions' exercise of the ROFR and release any claims they may have against Quality Properties arising out of the ROFR. Quality Properties would provide its consent and release. Trump Acquisitions would be required to obtain such consents and releases from the other



Jason D. Greenblatt, Esquire
Re: 9.904 acre parcel (Part of TMP 102-35), Albemarle County, Va.
August 4, 2011
Page 4

owner of part of the Burdened Land, Trump Vineyard. As this entity is Trump-related, this condition should not present an obstacle to Trump Acquisitions' purchase of the Property.

If Trump Acquisitions does not accept these terms, Quality Properties demands that Trump Acquisitions deliver a release of the ROFR, in recordable form, within 15 days. If that is not done, Quality Properties intends to take legal action to establish that the ROFR no longer affects the title to the Property. A draft complaint, with exhibits, is enclosed for your review. Quality Properties may re-draft the Complaint, if it learns of additional facts relevant to this case.

If you believe there are any inaccuracies in this letter, or in Quality Properties' legal position, please let us know what those might be. I look forward to your reply.

Respectfully,

/Raighne C. Delaney

RCD/mh

Enclosure