IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| QUALITY PROPERTIES ASSET<br>  MANAGEMENT COMPANY<br><br>      Plaintiff<br><br>v.<br><br>TRUMP VIRGINIA<br>  ACQUISITIONS, LLC, et al.<br><br>      Defendants<br><br>v.<br><br>QUALITY PROPERTIES ASSET<br>  MANAGEMENT COMPANY, et al.<br><br>      Counterclaim Defendants | Case No. 3:11-cv-00053 |

ANSWER AND AFFIRMATIVE DEFENSES OF
COUNTERCLAIM DEFENDANT
BEALE, DAVIDSON, ETHERINGTON & MORRIS, P.C., SUBSTITUTE TRUSTEE

Counterclaim Defendant Beale, Davidson, Etherington & Morris, P.C., Substitute Trustee ("Beale Davidson" or the "Substitute Trustee"), by counsel, and for its Answer and Affirmative Defenses to the Counterclaim by Trump Virginia Acquisitions, LLC ("TVA") and Trump Vineyard Estates, LLC ("TVE") (TVA and TVE are collectively referred to herein as the "Counterclaim Plaintiffs"), states as follows:

1. Paragraph 1 of the Counterclaim is principally a recitation of the relief requested by the Counterclaim Plaintiffs, and their argument for such relief. To the extent paragraph 1 of the Counterclaim contains any factual allegations, those allegations are denied.

2. The allegations of Paragraph 2 of the Counterclaim that Beale Davidson is a Virginia corporation with its principal place of business in the Commonwealth of Virginia are admitted. The remaining allegations of paragraph 2 are legal conclusions that the Substitute Trustee neither admits nor denies. To the extent a response is required, the Substitute Trustee does not dispute this Court has subject matter jurisdiction over the Counterclaim.

3. The Substitute Trustee admits the first sentence of paragraph 3 of the Counterclaim. The Substitute Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 3 and demands strict proof thereof.

4. The allegations of paragraph 4 of the Counterclaim are recitations of the contents of a deed, and the terms of the deed speak for themselves. To the extent any allegations of paragraph 4 are inconsistent with, or contradict the terms of, the deed, the allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 of the Counterclaim are recitations of the contents of a deed, and the terms of the deed speak for themselves. To the extent any allegations of paragraph 5 are inconsistent with, or contradict the terms of, the deed, the allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 of the Counterclaim are denied.

7. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Counterclaim and demands strict proof thereof.

8. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Counterclaim and demands strict proof thereof.

9. The Substitute Trustee admits that Patricia Kluge executed a deed of trust for the benefit of Bank of America ("BofA") which covered four separate tracts, totaling in the aggregate approximately 97.98 acres, of which 9.904 acres was the Main House Tract. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 of the Counterclaim and demands strict proof thereof.

10. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Counterclaim and demands strict proof thereof.

11. The allegations of paragraph 11 of the Counterclaim are admitted.

12. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Counterclaim and demands strict proof thereof.

13. The Substitute Trustee specifically denies that Patricia Kluge or her representatives communicated as alleged in paragraph 13 of the Counterclaim. The Substitute Trustee is without information sufficient to form a belief about the truth of the allegations of the remaining allegations of paragraph 13 of the Counterclaim, and demands strict proof thereof.

14. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Counterclaim and demands strict proof thereof.

15. The allegations of paragraph 15 of the Counterclaim are admitted.

16. The Substitute Trustee admits the allegations of paragraph 16 of the Counterclaim that BofA made a credit bid in the amount of $15,260,000.00 and that the Main House Tract was not offered as a separate parcel at the foreclosure sale. The Substitute Trustee further admits that BofA requested that it transfer the property to BofA's affiliate, QP. The Substitute Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Counterclaim and demands strict proof thereof.

17. The Substitute Trustee admits that TVA attended the foreclosure sale and that TVA was an active bidder. The Substitute Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Counterclaim (i) that TVA offered to BofA/QP the full amount of its bid in return for the Main House Tract, or (ii) that such offer has been rejected. Any remaining allegations of paragraph 17 of the Counterclaim not expressly admitted herein are denied.

18. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Counterclaim and demands strict proof thereof.

19. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Counterclaim and demands strict proof thereof.

20. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Counterclaim and demands strict proof thereof.

21. The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 of the Counterclaim and demands strict proof thereof.

22. The Substitute Trustees' responses to Counterclaim paragraphs 1 through 21 are restated as if set forth in full.

23. The Substitute Trustee admits that at the time the notice of the foreclosure sale was published the 1990 quitclaim deed was of record in the Albemarle County, Virginia Circuit Court. The remaining allegations of paragraph 23 of the Counterclaim are denied.

24. The allegations of paragraph 24 of the Counterclaim are denied.

25. The allegations of paragraph 25 of the Counterclaim are denied.

26. The allegations of paragraph 26 of the Counterclaim are denied.

27. The allegations of paragraph 27 of the Counterclaim are legal conclusions that the Substitute Trustee neither admits nor denies. To the extent a response is required, the allegations are denied.

28.     The first sentence of paragraph 28 of the Counterclaim is denied. The remaining allegations of paragraph 28 are legal conclusions to which no response is required, and to the extent any response is required, the allegations are denied.

29.     The allegations of paragraph 29 of the of the Counterclaim are denied.

30.     The Substitute Trustee admits the allegation of paragraph 30 of the Counterclaim that it offered the property only as a bundled parcel and accepted an offer in the form of a credit bid for the whole from BofA.  The remaining allegations of paragraph 30 are denied.

31.     The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 of the Counterclaim and demands strict proof thereof.

32.     The allegations of paragraph 32 of the Counterclaim are legal conclusions that the Substitute Trustee neither admits nor denies. To the extent that a response is required, the allegations are denied.

33.     The Substitute Trustee is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33 of the Counterclaim and demands strict proof thereof.

34.     The allegations of paragraph 34 of the Counterclaim are denied.

35.     The allegations of paragraph 35 of the Counterclaim are denied.

36.     The allegations of paragraph 36 of the Counterclaim are denied.

37.     The allegations of paragraph 37 of the Counterclaim are denied.

38.     The allegations of paragraph 38 of the Counterclaim are denied.

39. The Substitute Trustees' responses to Counterclaim paragraphs 1 through 38 are restated as if set forth in full.

40. The allegations of paragraph 40 of the Counterclaim are prayers for relief, and the Substitute Trustee denies the Counterclaim Plaintiffs are entitled to any of the relief requested. The Substitute Trustee affirmatively alleges that there is no basis in law or equity for the Counterclaim Plaintiffs to seek an award of attorneys fees against the Substitute Trustee, and the Substitute Trustee reserves all rights in that regard.

41. Any allegations of the Counterclaim not expressly admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses against the Counterclaim Plaintiffs, the Substitute Trustee alleges as follows:

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The right of first refusal does not apply by its terms. The right of first refusal did not apply to any conveyance of the property to secure any indebtedness of Patricia Kluge, or to any exercise of such security, including foreclosure.

3. The Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches. Without limitation, the Counterclaim Plaintiffs' sole remedy was to seek a pre-sale injunction, the Counterclaim Plaintiffs did not request – either prior to the foreclosure sale or prior to the conveyance to QP -- that the Substitute Trustee sell the Main House Tract separately, and the Counterclaim Plaintiffs and their predecessors knew of or participated in prior subdivisions of the property.

4. The right of first refusal terminated when Patricia Kluge came to own or control all of the Burdened Land.

5. The Counterclaim Plaintiffs' claims are barred, in whole or in part, by the applicable Statutes of Limitations.

6. The right of first refusal terminated because the right of first refusal ceased to have any purpose due to the subdivision of the Burdened Land.

7. The Counterclaim Plaintiffs lack standing, in that they do not own all of the Burdened Land and cannot invoke a partial exercise of any right of first refusal.

8. The right of first refusal is barred by the Statute of Frauds, in that Patricia Kluge did not sign the Quitclaim Deed purportedly conveying the right of first refusal.

9. The right of first refusal terminated when Patricia Kluge ceased to own the Main House Tract.

10. The Substitute Trustee owed no duties to the Counterclaim Plaintiffs, fiduciary or otherwise, and there is no basis in law or equity for setting aside the foreclosure sale.

11. There is no basis in law or equity for an award of attorney's fees against the Substitute Trustee.

12. The Substitute Trustee intends to rely on all defenses available at the time of trial and expressly reserves the right to assert such defenses as more facts become available during the course of discovery.

WHEREFORE, Beale, Davidson, Etherington & Morris, P.C., Substitute Trustee requests that the Counterclaim be dismissed, and that it be awarded its costs incurred herein.

BEALE, DAVIDSON, ETHERINGTON &
MORRIS, P.C., SUBSTITUTE TRUSTEE


By: /s/ Paul M. Black
        Counsel

Paul M. Black (VSB #24861)
Douglas T. Stark (VSB #16970)
Spilman Thomas & Battle, PLLC
P. O. Box 90
310 First Street, Suite 1100
Roanoke, VA 24002
540.512.1800 Telephone
540.342.4480 Facsimile


CERTIFICATE OF SERVICE

 I hereby certify that on this 22nd day of December, 2011, a true and accurate copy of the foregoing document was served electronically or mailed first-class, postage prepaid to the following:

   Trump Virginia Acquisitions
   725 Fifth Avenue
   New York, NY 10022
   *Defendant and Counterclaim Plaintiff*

   Trump Vineyard Estates, L.L.C.
   725 Fifth Avenue
   New York, NY 10022
   *Defendant and Counterclaim Plaintiff*

   Raighne C. Delaney
   Bean, Kinney & Korman
   2300 Wilson Boulevard, Seventh Floor
   Arlington, VA 22201
   *Counsel for Quality Properties Asset Management*
   *Company, Plaintiff and Counterclaim Defendant, and*
   *Bank of America, N.A., Counterclaim Defendant*


   /s/ Paul M. Black